*642 OPINION OF THE COURT
David D. Egan, J.
This is a death penalty case. Jury selection commenced on September 6, 2000.
Defendant seeks an unspecified increase in the daily compensation for prospective jurors selected potentially to serve on this trial. Defendant also seeks to accommodate jurors with children by providing child-care facilities and adjourning daily at 2:30 p.m. or 3:00 p.m.
Defendant claims that if these measures are not adopted, prospective jurors from lower economic classes (a disproportionate share of whom are minorities) will be discouraged from serving as jurors at trial and, thus, undermine his right to a trial by a jury composed from a fair cross section of the community.
 Judiciary Law § 521 mandates jury compensation rates. Effective February 15, 1998 the daily allowance for a juror, with certain exceptions, was increased from $15 to $40. (Id.) This Court is not inclined to alter the compensation rate set by statute. Further, the development of child-care facilities comes under the auspices of the Office of Court Administration, and not this Court. (22 NYCRR 34.0.)* While there is a Children’s Center located in the Hall of Justice where this Court holds its proceedings, that center is not a licensed full-time day-care center, but a drop-in facility designed for child litigants or the children of litigants, involved primarily in Family Court proceedings. This Court is without authority to mandate the development of full-time licensed day-care facilities simply to accommodate the jurors in this case. (Cf. People v Francios, Dutchess County Ct, June 14, 1999, Dolan, J., slip opn, at 2; People v Page, Kings County Ct, Sept. 8, 1998, Hall, J., slip opn, at 1-2.) Defendant’s request for such relief therefore is also denied.
Defendant also asks that during the trial (except jury deliberations) the Court adjourn each day between 2:30 p.m. and 3:00 p.m. to accommodate those jurors with school-age children. The defendant’s argument is counterintuitive. Defendant argues the inordinate length of trial will place an undue burden *643 on those jurors who are parents, in particular single parents, yet then asks to extend the trial by adjourning early each day. (See id.) Defendant’s request is denied.
In a separate motion, defendant seeks to preclude the Monroe County Commissioner of Jurors from disseminating or providing to the prospective jurors standard orientation handbooks, newsletters or videos concerning jury service. No such materials were issued. The only material the Monroe County Commissioner of Jurors gave to prospective jurors in this case, other than ministerial forms, was the Court’s own juror questionnaire, which was provided to the parties before jury selection commenced. Without reaching the merits of defendant’s argument, defendant’s motion entitled DEF-37 de facto is granted.

 22 NYCRR 34.0 (guideline VIII.8) provides that “[a] separate, enclosed and safe environment should be provided for children who are in court in connection with matters involving them or their caregivers.” The Office of Court Administration funds those centers in conjunction with the Office of Children and Family Services.